# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JACOB SCOTT HUGHES # 557779, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:23-cv-00502 |
| v. ) | |
| ) | Judge Trauger |
| BRIAN ELLER, ) | Magistrate Judge Frensley |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Jacob Scott Hughes, formerly an inmate of the Northeast Correctional Complex in Mountain City, Tennessee, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Petitioner was convicted of first-degree felony murder and aggravated child abuse, for which he was sentenced, respectively, to life and twenty-five years' imprisonment, to be served consecutively, as a result of the death of the sixteen-month-old daughter of his girlfriend.

Respondent initially filed a Response to the petition. (Doc. No. 15). Respondent later filed a Motion to Dismiss (Doc. No. 19), which is presently pending before the court.

**I. Procedural History**

Petitioner was indicted in the Davidson County Criminal Court in a seven count indictment for: (1) first-degree felony murder in the perpetration of or attempt to perpetrate aggravated child abuse, (2) first-degree felony murder in the perpetration of or attempt to perpetrate aggravated child neglect, (3) aggravated child abuse, (4) aggravated child neglect, (5) aggravated child abuse, (6) aggravated child neglect, and (7) aggravated child neglect. (Doc. No. 11-1 at PageID# 53-64). Petitioner proceeded to trial and was convicted of two counts of first-

1

degree felony murder, one count of aggravated child abuse, and one count of aggravated child neglect. (Doc. No. 11-8 at PageID# 728-32). Petitioner was sentenced to life imprisonment plus 25 years, to be served consecutively. (Doc. No. 11-1 at PageID# 151-54).

Petitioner appealed his conviction to the Tennessee Court of Criminal Appeals, which affirmed Petitioner's conviction. *State v. Hughes*, No. M2016-01222-CCA-R3-CD, 2017 WL 3724457 (Tenn. Crim App. Aug. 29, 2017). Petitioner did not seek discretionary review from the Tennessee Supreme Court.

Petitioner next sought postconviction relief, asserting ineffective assistance of trial counsel. (Doc. No. 11-27 at PageID# 1249-58). The post-conviction court denied relief, and the Tennessee Court of Criminal Appeals affirmed. *Hughes v. State*, No. M2022-00186-CCA-R3-PC, 2022 WL 17726721 (Tenn. Crim. App. Dec. 16, 2022). Again, Petitioner did not seek discretionary review from the Tennessee Supreme Court.

Petitioner filed his petition for a writ of habeas corpus in this court on May 10, 2023. (Doc. No. 1 at PageID# 22). By Order entered on June 14, 2023, the court directed Respondent to file an answer to the claims raised in the petition. (Doc. No. 6). On October 27, 2023, Respondent filed his Answer. (Doc. No. 15). The petition remains pending before the court.

Respondent now has filed a Motion to Dismiss (Doc. No. 19), alleging that the petition should be dismissed with prejudice as moot due to the death of Petitioner.

## II. Analysis

The court must now consider whether this case is moot pursuant to the case-or-controversy requirement of Article III of the Constitution. *See* U.S. Const. Art. III, § 2. The case-or-controversy requirement mandates that the parties "must continue to have a personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v.*

*Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). An incarcerated prisoner who challenges the validity of his conviction always satisfies this requirement under 28 U.S.C. § 2254's "in custody" provision because the incarceration is a concrete injury that could be redressed through successful litigation. *Spencer*, 523 U.S. at 7. "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction—must exist if the suit is to be maintained." *Id*. (internal quotations omitted). If not, the petition is moot. *See Rosa v. Rewerts*, No. 1:18-cv-940, 2020 WL 132374, at *1 (W.D. Mich. Jan. 13, 2020).

Mootness is a jurisdictional question. *See id*. (citing *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009)). The court can only decide the merits of a "live case or controversy" under Article III. *Id*. Thus, if an inmate dies while his habeas petition is pending—which is what happened here—the petition becomes moot and deprives the district court of jurisdiction. *See Rosa*, 2020 WL 132374, at *1 (collecting circuit precedents); *see also Hailey v. Russell*, 394 U.S. 915 (1969); *Beach v. Humphries*, No. 89-3483, 1990 WL 140574, at *1 (6th Cir. 1990) ("Because this appeal involves a request for habeas relief, the death of the petitioner renders the appeal moot."). "[C]ourts have repeatedly held that death eliminates collateral consequences personal to a habeas applicant, and thus moots a habeas corpus challenge." *Weary v. Mason*, No. 19-cv-2302, 2023 WL 11658888, at *1 (E.D. Penn. Mar. 20, 2023) (collecting cases).

Petitioner died while incarcerated at the Northeast Correctional Complex on September 15, 2024. (*See* Affidavit of Patricia Aldridge, Doc. No. 19-1; Offender Details, Tennessee Department of Correction Felony Offender Information Database, Doc. No. 19-2). The Tennessee Department of Correction database does not list Petitioner's place of incarceration or sentence or conviction; it lists him as "DECEASED." (Doc. No. 19-2).

3

Case 3:23-cv-00502     Document 21     Filed 03/24/25     Page 3 of 5 PageID #: 1873

The documents submitted by Respondent establish Petitioner's death, which "extinguished" the constitutional challenges he raised against his conviction and sentence that applied only to him. *Compare Rosa*, 2020 WL 132374, at *1. Thus, this court now lacks jurisdiction to decide the petition under Article III.

**III. Conclusion**

For the reasons explained herein, Respondent's Motion to Dismiss (Doc. No. 19) is **GRANTED**. The petition is **DENIED AS MOOT**, and this action is **DISMISSED**.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

The court dismissed Petitioner's petition on the procedural ground of lack of jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [COA] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether

4

the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id*.

The court finds that reasonable jurists could not debate that this court correctly dismissed Petitioner's claims for lack of jurisdiction. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Therefore, the court **DENIES** Petitioner a COA and concludes that any issue that might be raised on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge